IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JASMINE POLLARD, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:25-CV-123 (CDL) |
| RYDER INTEGRATED LOGISTICS, INC., | * |
| | * |
| Defendant. | * |
| | * |

O R D E R

Jasmine Pollard worked as a truck driver at Ryder Integrated Logistics, Inc.'s LaGrange, Georgia location. Am. Compl. ¶ 6, ECF No. 12. She alleges that Ryder Integrated Logistics terminated her employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Pollard resides in Muscogee County, which is in the Middle District of Georgia. 28 U.S.C. § 90(b)(3). Pollard asserts that the events giving rise to her claim occurred in LaGrange, Georgia. Am. Compl. ¶¶ 18-30. LaGrange is in Troup County, which is in the Northern District of Georgia. 28 U.S.C. § 90(a)(4). Ryder filed a motion to transfer this action to the Northern District under 28 U.S.C. § 1406(a), asserting that venue is improper in the Middle District. Ryder also contends that even if venue is proper, the action should be transferred under 28 U.S.C. § 1404(a). As discussed below, the Court denies the motion (ECF Nos. 11 & 14).

Under the general venue statute, venue is proper in a judicial district "in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). But Title VII's venue provision is broader. It states that a Title VII action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). "Some federal courts have concluded that this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991). Therefore, venue in this Court is proper under Title VII's venue provision, and the Court denies Ryder's motion to transfer due to improper venue under 28 U.S.C. § 1406.

Ryder argues that even if this action is not transferred under § 1406, it should be transferred under 28 U.S.C. § 1404(a) based on convenience of the parties and witnesses and in the interest of justice. The courts consider several factors in determining whether to transfer a case under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9)

trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Ryder seeks to have this action transferred seventy miles up the interstate to the U.S. District Court for the Northern District of Georgia, Newnan Division. Pollard's former place of employment in LaGrange is about halfway between the federal courthouse in Columbus and the federal courthouse in Newnan. Under these circumstances, most of the § 1404(a) factors are neutral, and only two are not. The locus of operative facts factor weighs in favor of transfer, but the plaintiff's choice of forum factor weighs against transfer. Normally, the courts disregard a plaintiff's choice of forum if it is not directly connected to the operative facts. But here, Title VII expressly permits Pollard to choose a forum outside the judicial district where the alleged discrimination happened, so the Court finds that Pollard's choice of forum weighs strongly against transfer. For these reasons, the Court denies Ryder's motion to transfer (ECF Nos. 11 & 14). Ryder's motion to stay (ECF No. 17) is moot.

IT IS SO ORDERED, this 23rd day of July, 2025.

                                         s/Clay D. Land
                                         CLAY D. LAND
                                         U.S. DISTRICT COURT JUDGE
                                         MIDDLE DISTRICT OF GEORGIA